# In the United States Court of Federal Claims

No. 21-1289 C
(Filed: May 19, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *  *
                                    *
SIMONA TANASESCU, et al.,           *
                                    *
                    Plaintiffs,     *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
* * * * * * * * * * * * * * * * *  *
```

*Simona Tanasescu*, *et al.*, *pro se*, of Tustin, CA.

*Miles K. Karson*, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

    *Pro se* Plaintiff, Simona Tanasescu, bringing a complaint on behalf of both herself and her minor child, S.T., asks this Court to review various decisions of other federal courts that ruled against them and to award damages and injunctive relief. This Court lacks subject matter jurisdiction for such a review. Accordingly, Plaintiffs' complaint is **DISMISSED** under Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC).

### BACKGROUND

    Plaintiffs allege that a series of unfavorable judgments are the result of federal judges misapplying the law. *See* ECF No. 1. Plaintiffs assert that federal judges in the U.S. District Court for the Central District of California improperly dismissed two proceedings involving their interests. *Id*. at 4-10, 17-20. In addition, Plaintiffs claim that a bankruptcy proceeding in the U.S. Bankruptcy Court for the Central District of California (and the Bankruptcy Appellate Panel for the Ninth Circuit) was based on "false," "misleading," and "concealed" information. *Id*. at 12; *see generally id*. at 10-17. Finally, Plaintiffs further allege that judges on the U.S. Court of Appeals for the Ninth Circuit reinforced these alleged judicial errors by affirming the district court and bankruptcy court decisions and wrongfully deciding matters involving Plaintiffs. *Id*. at

3, 8-10, 15-17, 23-26. Plaintiffs ask this Court to review and correct these federal court decisions by awarding them monetary damages and declaratory and injunctive relief. *Id*. at 30.

## LEGAL STANDARD

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## ANALYSIS

As it appears obvious on the face of Plaintiffs' complaint that this Court lacks subject matter jurisdiction over the claims asserted, this Court is obligated to dismiss the complaint under RCFC 12(h)(3) *sua sponte*. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Special Devices, Inc. v. OEA, Inc*., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case."); *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt.").

This Court lacks jurisdiction to review the federal court decisions decided unfavorably against Plaintiffs. It is well-established that this Court lacks subject matter jurisdiction to review and correct other federal district and appellate court decisions. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) ("[T]he Court of Federal Claims 'does not

have jurisdiction to review the decision of district courts' and 'cannot entertain . . . claim[s] that require[] the court to scrutinize the actions of another tribunal.'") (quoting *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Similarly, this Court is without jurisdiction to reexamine federal bankruptcy proceedings. *See, e.g., Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving . . . .'") (quoting 28 U.S.C. § 158(a)); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("The proper forum for appellants' challenges to the bankruptcy trustees' actions therefore lies in the Ninth Circuit, not the Court of Federal Claims.").

The entirety of Plaintiffs' complaint is premised on allegations that the district court, the bankruptcy court, and the Ninth Circuit improperly ruled against Plaintiffs, causing them to suffer damages. *See, e.g.*, ECF No. 1 at 3 ("[F]ederal courts identified herein acted in breach of the implied contracts with the plaintiffs through their intentional failure to apply the rule of law and precedent equally . . . ."). This Court is without jurisdiction to review those federal court decisions and, therefore, must dismiss Plaintiffs' complaint pursuant to RCFC 12(h)(3) *sua sponte*.

## CONCLUSION

For the forgoing reasons, Plaintiffs' complaint is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED.**

                                        s/ Zachary N. Somers
                                        ZACHARY N. SOMERS
                                        Judge